IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA : 
: 
v. : Criminal Case No. DKC 12-0419
: 
FRED YAO BOADU :
:

**MEMORANDUM OPINION AND ORDER**

Mr. Boadu wrote a letter to the court expressing his concern about being incarcerated during the pandemic. His letter was mailed on April 27, 2020, and received on May 11, 2020. ECF No. 130. Mr. Boadu is currently serving a 180-month sentence as a result of his convictions for possession and distribution of cocaine base and possession of a firearm with an altered serial number in furtherance of a drug trafficking crime. According to the BOP website, his current projected release date is January 12, 2026. For the following reasons, Mr. Boadu's letter, construed as a motion for compassionate release, will be denied without prejudice to renewal.

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. See *id.* § 3582(c)(1)(A). Under the First Step Act of

2018, the compassionate release provision was modified to allow prisoners also to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> *   *   *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The requirement to exhaust administrative remedies requires, first, that the prisoner direct a request to the warden to bring a motion on his behalf. Whether a question of subject matter jurisdictional or mandatory claims processing, it must be satisfied. *See, United States v. Alam*, 960 F.3d 831, 832-35 (6th Cir. 2020). If Mr. Boadu made a request to the warden, the contents are not before the court. Accordingly, the motion for compassionate release will be DENIED without prejudice for failure

2

to demonstrate administrative exhaustion. If Mr. Boadu files a new motion, he would be well advised that it must contain evidence to establish the exhaustion of administrative remedies available through the Bureau of Prisons, as well as circumstances that he asserts constitute extraordinary and compelling reasons for release.

Accordingly, the Mr. Boadu's motion for compassionate release (ECF No. 130) BE, and the same hereby IS, DENIED.


November 12, 2020                         /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge